(109 App. Div. 833.)

## O'BRIEN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.    December 29, 1905.)

CARRIERS—INJURY TO PASSENGER—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

A passenger who, after alighting from a trolley car of defendant, found one of its trains blocking the way, and after waiting a while for it to move, during which time several passengers from such car crossed the train by going over the platform of one of its cars, was injured by the train starting up on signal from the conductor while she was crossing it, cannot be held to have been guilty of contributory negligence as matter of law; she testifying that she started to cross on the conductor calling to her, as she stood beside the train, to "Come ahead!" as this authorized a finding that he assured her it was safe to attempt to cross.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 1357–1361, 1402; vol. 41, Cent. Dig. Railroads, § 1075.]

Appeal from Kings County Court.

Action by Mary O'Brien against the Brooklyn Heights Railroad Company.    From a judgment dismissing the complaint at the close of the case, plaintiff appeals.    Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-WARD, JENKS, and RICH, JJ.

Edmund Fletcher Driggs, for appellant.

I. R. Oeland, for respondent.

HIRSCHBERG, P. J. The court refused to dismiss the complaint at the close of the plaintiff's case, but granted a motion to dismiss at the close of the case on both sides, saying:

"It appears upon the evidence in this case that the plaintiff attempted to alight from the train while it was in motion, and in doing so contributed to the accident."

The circumstances are peculiar, but it certainly cannot be said that the plaintiff was guilty of contributory negligence as matter of law. She had gone to Brighton Beach from Brooklyn on one of the defendant's trolley cars, and on alighting on the platform at the beach, directly opposite the Brighton Beach gate, found one of the elevated trains of the defendant blocking the way. It consisted of four cars, and she was standing opposite the middle of the train. She waited awhile for the train to pass, and during that period three other passengers on the trolley car crossed the train by going up the steps of one of the cars, over the platform, and down the other side. She testified that the conductor of the train was standing on the ground on the side of the train opposite her, and called to her to "Come ahead!" Whereupon she started to cross the train, but as she was about to descend on the far side the train was suddenly started so as to throw her to the ground, inflicting the injuries of which she complains. Her sister was with her at the time, and crossed the train safely just ahead of her, and by her testimony corroborated the plaintiff's version of the occurrence.

The conductor admitted that he saw the plaintiff and her sister get on the train and that he gave the signal to the motorman to start the train, but he denied that he invited them or either of them to come across. He testified:

"I seen nobody but these two young ladies get on board, so I thought they were passengers on the middle of the platform, so I gave my signal to the motorman to go ahead when they were on the platform. In the meantime one stepped down and the other rushed to get down. * * * Both were on the platform; one on the third step and the other behind her. I signaled him to go ahead. In the meantime one kind of stepped off, and the other—the train started the least bit—and the other she fell off, and she fell on her hands and knees."

Taking all the evidence together, it is quite obvious that the jury might have concluded that the defendant had invited the plaintiff to cross the train which was blocking her path, and had started the train, to her injury, while she was in the act of doing so. For any damages occasioned in that manner the defendant would certainly be liable. The question was one of fact. In the case of Sheridan v. Baltimore & O. Ry. Co. (Md.) 60 Atl. 280, it was held that, in an action for injuries sustained by plaintiff owing to the starting of a train while he was attempting to cross by getting upon the bumpers between cars on a statement of the brakeman that there was plenty of time, the question of contributory negligence was for the jury. Here the case is much strong-

er for the plaintiff, inasmuch as it might be found on all the evidence that the plaintiff was assured by the employé in charge of the train that it was safe to attempt to·cross it, and that the train was set in motion by the act of that employé while she was acting in his presence upon such assurance of safety.

The judgment should be reversed.

Judgment reversed, and new trial ordered; costs to abide the event. All concur.